IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

LAWRENCE D. WOOD,

    Plaintiff,

    v.

JEFF SWICKARD, *et al.*,

    Defendants.

Case No. 3:25-cv-00175-SLG

## ORDER ON MOTION TO DISMISS

Before the Court at Docket 10 is Defendants Jeff Swickard and Swickard Management Company ("SMC")'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Jeff Swickard and SMC move to dismiss self-represented litigant Lawrence Wood ("Plaintiff")'s Complaint[1] for failure to state a claim that would entitle Plaintiff to relief from these Defendants.[2] On September 9, 2025, Plaintiff filed an opposition to the motion to dismiss.[3] Jeff Swickard and SMC replied on September 24, 2025.[4] Oral argument was not requested by any party and was not necessary to the Court's determination.

---

[1] Docket 1-1.

[2] Docket 10 at 1.

[3] Docket 12.

[4] Docket 13.

## BACKGROUND

This case concerns Plaintiff's 2002 Buick. The Complaint, originally filed in the Superior Court for the State of Alaska, Third Judicial District at Palmer, alleges that on June 28, 2023, Plaintiff brought the Buick to Swickard GMC of Palmer, which is owned by Swickard Palmer, LLC.[5] The Complaint names three Defendants: Jeff Swickard, Swickard Palmer, LLC, and SMC (collectively "Defendants").[6] The Complaint alleges that Swickard Palmer, LLC is a Nevada limited liability company doing business in Alaska and is "wholly owned by Jeff Swickard."[7] It alleges that SMC is a Washington state corporation that is also owned by Mr. Swickard and that Jeff Swickard is listed as the only "governor" of SMC in the company's Washington state corporation filings.[8] The Complaint asserts that "[f]or the sake of clarity, plaintiff shall refer to defendants collectively as 'Swickard' as Defendant Jeff Swickard is the majority owner of these LLCs and respondeat superior through Swickard Management Company, a WA registered corporation."[9] Thus, the bulk of the Complaint does not clearly articulate with whom Plaintiff contracted with regard to his vehicle; nor does it clearly articulate the role each Defendant had with respect to Plaintiff's vehicle.

---

[5] Docket 1 at ¶¶ 4, 23.

[6] Docket 1-1 at 1.

[7] Docket 1-1 at ¶¶ 4, 5, 7, 8.

[8] Docket 1-1 at ¶¶ 6, 7, 8.

[9] Docket 1-1 at ¶ 9; see also Docket 1-1 at ¶ 100.

Case No. 3:25-cv-00175-SLG, *Wood v. Swickard, et al.*
Order on Motion to Dismiss
Page 2 of 11
Case 3:25-cv-00175-SLG    Document 19    Filed 02/04/26    Page 2 of 11

On August 12, 2025, Defendants removed this case from the state court to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.[10] Diversity jurisdiction is satisfied as Plaintiff seeks damages in excess of $75,000 in the Complaint, and Plaintiff is a citizen of a different state from all Defendants. On August 14, 2025, Swickard Palmer, LLC filed its Answer.[11] On August 20, 2025, Jeff Swickard and SMC filed the pending motion to dismiss Plaintiff's Complaint as to them.[12]

Plaintiff's Complaint alleges negligence and breach of duty by Defendants related to his Buick when it was at Swickard's Palmer service department from June 28, 2023, through July 14, 2024.[13] Plaintiff claims that Swickard GMC of Palmer service personnel failed to communicate effectively, did not provide timely cost estimates, and conducted unauthorized work on his vehicle, resulting in significant financial and emotional damages.[14] And, the Complaint alleges that "[D]efendant Jeff Swickard be held individually liable for plaintiff's damages and unable to hide behind the corporate veil in any form as his policies subjected plaintiff to bad faith negotiating and broken agreements without recourse in dealing with a company focused upon maintaining a lack of accountability and

---

[10] Docket 1 at 1–3.

[11] Docket 7.

[12] Docket 10.

[13] *See* Docket 1-1 at ¶¶ 22-113.

[14] Docket 1-1 at ¶¶ 31-33.

Case No. 3:25-cv-00175-SLG, *Wood v. Swickard, et al.*
Order on Motion to Dismiss
Page 3 of 11
Case 3:25-cv-00175-SLG   Document 19   Filed 02/04/26   Page 3 of 11

transparency over the welfare and fair treatment of its customers."[15] For damages, the Complaint seeks the cost of vehicle restoration, economic damages for unexpected expenses, and non-economic damages for emotional distress, as well as punitive damages, from all Defendants.[16] The Complaint is not signed, contains 114 paragraphs of allegations, and has appended to it approximately 130 pages of documents.[17]

Defendant Swickard Palmer, LLC's Answer admits that Swickard Palmer, LLC "has a business named" Swickard GMC of Palmer, that SMC is listed as "governor" of Swickard Palmer, LLC in Washington state, and that Jeffrey Swickard is listed as "governor" of SMC.[18] Defendant Swickard Palmer, LLC also admits that it accepted the 2002 Buick Regal owned by Plaintiff for service.[19]

Jeff Swickard and SMC seek the dismissal of Plaintiff's Complaint against them; they maintain the Complaint "fails to assert a cognizable cause of action against" either of them.[20]

## LEGAL STANDARD

A complaint in federal court must contain "a short and plain statement of the

---

[15] Docket 1-1 at ¶ 100.

[16] Docket 1-1 at ¶¶ 103-113.

[17] *See generally* Docket 1-1.

[18] Docket 7 at 1-2, ¶¶ 4-8.

[19] Docket 7 at 2-3, ¶ 12.

[20] Docket 10 at 3.

Case No. 3:25-cv-00175-SLG, *Wood v. Swickard, et al.*
Order on Motion to Dismiss
Page 4 of 11
Case 3:25-cv-00175-SLG    Document 19    Filed 02/04/26    Page 4 of 11

claim showing that the pleader is entitled to relief."[21] This requirement applies as to each named defendant in a complaint.[22] A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim upon which relief can be granted[.]" "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Under Rule 15(a), "[t]he court should freely give leave when justice so requires." However, a court may deny leave to amend for reasons of "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]"[24] Amendment may be considered futile when the claims lack a cognizable legal basis[25] or when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or

---

[21] Fed. R. Civ. P. 8(a)(2).

[22] *See, e.g.*, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[24] *Foman v. Davis,* 371 U.S. 178, 182 (1962).

[25] *See Woods v. U.S. Bank N.A.,* 831 F.3d 1159, 1162 (9th Cir. 2016) (citing *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) ("A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory.").

Case No. 3:25-cv-00175-SLG, *Wood v. Swickard, et al.*
Order on Motion to Dismiss
Page 5 of 11
Case 3:25-cv-00175-SLG    Document 19    Filed 02/04/26    Page 5 of 11

defense."[26] "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."[27]

**DISCUSSION**

It appears undisputed that Plaintiff contracted with Swickard Palmer, LLC, to service his Buick.[28] But the Complaint fails to clearly articulate a basis by which the other two Defendants, SMC and Mr. Swickard, could be liable for any alleged malfeasance of Swickard Palmer. Nor has Plaintiff filed a short and plain statement of his claims in his Complaint or signed the Complaint. But the Court does not find that granting leave to amend as to SMC and Mr. Swickard would be futile; hence, Plaintiff will be accorded leave to file an amended complaint to attempt to correct the deficiencies set forth in this order.

**I.    Piercing the Corporate Veil under Alaska Law**

Plaintiff appears to assert in his Complaint that the Court should pierce the veil of Swickard Palmer, LLC to hold SMC and/or Mr. Swickard liable for Swickard Palmer's alleged malfeasance.[29] The Court applies Alaska law to determine whether Swickard Palmer, LLC's veil should be pierced.[30] Although termed

---

[26] *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation and internal quotation marks omitted).

[27] *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

[28] *See* Docket 7 at 2-3, ¶ 12.

[29] *See* Docket 1-1 at ¶ 100.

[30] *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003) (quoting *Towe Antique Ford Found. v. IRS*, 999 F.2d 1387, 1391 (9th Cir. 1993) ("'We apply the law of the forum state in determining

Case No. 3:25-cv-00175-SLG, *Wood v. Swickard, et al.*
Order on Motion to Dismiss
Page 6 of 11

Case 3:25-cv-00175-SLG    Document 19    Filed 02/04/26    Page 6 of 11

"piercing the corporate veil," the same concept has been applied in Alaska to piercing an LLC, depending on the particular facts of the case.[31] Under Alaska law, a business entity's veil may be pierced either "'if the corporate form is used to defeat public convenience, justify wrong, commit fraud, or defend crime'—a misconduct standard" or "when a corporation is nothing more than a 'mere instrument' of a shareholder[.]"[32] "The misconduct standard of veil piercing 'exists to prevent a party from obtaining an advantage through deceptive or manipulative conduct.'"[33] Under Alaska's "mere instrument" standard for veil piercing, a court "ask[s] whether (a) the shareholder sought to be charged owns all or most of the stock of the corporation; (b) the shareholder has subscribed to all of the capital stock of the corporation or otherwise caused its incorporation; (c) the corporation has grossly inadequate capital; (d) the shareholder uses the property of the corporation as his own; (e) the directors or executives of the corporation act independently in the interest of the corporation or simply take their orders from the shareholder in the latter's interest; and (f) the formal legal requirements of the

---

whether a corporation is an alter ego'" of an individual.").

[31] *See, e.g.*, *McCormick v. City of Dillingham,* 16 P.3d 735, 743–44 (Alaska 2001) (allowing a party to proceed on a veil piercing theory after originally bringing suit on a de facto partnership theory); *Societe Financial, LLC v. MJ Corp.,* 542 P.3d 1159, 1173–74 n.77 (Alaska 2024) (applying Alaska veil-piercing theory to an LLC).

[32] *L.D.G., Inc. v. Brown*, 211 P.3d 1110, 1125 (Alaska 2009) (first quoting *Elliott v. Brown*, 569 P.2d 1323, 1326 (Alaska 1977); and then quoting *Uchitel Co. v. Tel. Co.*, 646 P.2d 229, 235 (Alaska 1982)); *see also Brown v. Knowles*, 307 P.3d 915, 929 (Alaska 2013).

[33] *Pister v. State, Dep't of Revenue*, 354 P.3d 357, 364 (Alaska 2015) (quoting *Elliott*, 569 P.2d at 1326).

Case No. 3:25-cv-00175-SLG, *Wood v. Swickard, et al.*
Order on Motion to Dismiss
Page 7 of 11
Case 3:25-cv-00175-SLG   Document 19   Filed 02/04/26   Page 7 of 11

corporation are observed."[34] "'It is not necessary for all six factors to be satisfied before instrumentality can be found,' but the factors help the fact-finder to decide whether the evidence favors piercing the veil."[35]

Construing the Complaint in the light most favorable to Plaintiff, the Court finds that the Complaint fails to plead factual allegations demonstrating that the misconduct standard or mere instrumentality standard should be applied to Jeff Swickard, individually, or to SMC.[36] Plaintiff's Complaint contains extensive detailed allegations regarding the service allegedly performed by Swickard GMC of Palmer—details that are unnecessary to include in a complaint under Rule 8— but fails to sufficiently allege facts to support the application of a veil-piercing theory as to either Mr. Swickard or SMC—a deficiency compounded by the Complaint's lumping of all three Defendants together rather than separately delineating each Defendant's role. Although Plaintiff's opposition to the motion to dismiss contains additional facts that might support proceeding on a veil-piercing theory, the deficiencies in a complaint cannot be cured by including additional information in an opposition to a motion to dismiss.[37]

---

[34] *L.D.G., Inc.*, 211 P.3d at 1126 (citing *Uchitel Co. v. Tel. Co.*, 646 P.2d 229, 235 (Alaska 1982)).

[35] *Id.* (quoting *Nerox Power Sys., Inc. v. M-B Contracting Co.*, 54 P.3d 791, 802 (Alaska 2002)).

[36] *Reese v. BP Exploration (Alaska) Inc.,* 643 F.3d 681, 690 (9th Cir. 2011) (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ("We accept all well-pled factual allegations as true and construe them in the light most favorable to [Plaintiff].").

[37] *See Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in

Case No. 3:25-cv-00175-SLG, *Wood v. Swickard, et al.*
Order on Motion to Dismiss
Page 8 of 11
Case 3:25-cv-00175-SLG    Document 19    Filed 02/04/26    Page 8 of 11

In his opposition, Plaintiff also asserts that he "intends to amend his Complaint ASAP upon receipt of initial discovery from defendants."[38] To date, however, Plaintiff has not yet done so. Nonetheless, the Court grants Plaintiff leave to file an amended complaint at this time to attempt to correct the deficiencies as to his claims against SMC and Mr. Swickard as identified in this order. In an amended complaint, Plaintiff must plausibly allege facts to support veil piercing under the Alaska law misconduct standard and/or mere instrument standard, and do so specifically as to each Defendant. Plaintiff must file any amended complaint within 30 days from the date of this order.[39]

## II. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[40] It must include all of Plaintiff's claims, including his claims against Swickard Palmer, LLC. Any claims not contained in the amended complaint will be considered waived. Although Plaintiff is being given an opportunity to file an amended complaint in this action, an amended complaint must not expand the scope of the case by alleging new unrelated parties or claims.

An amended complaint must contain separately numbered, clearly identified

---

opposition to a defendant's motion to dismiss.").

[38] Docket 12 at 1.

[39] Although the Court's order at Docket 18 required all motions to amend pleadings to be served and filed no later than December 5, 2025, the Court grants Plaintiff leave to file an amended complaint within 30 days of this order.

[40] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

Case No. 3:25-cv-00175-SLG, *Wood v. Swickard, et al.*
Order on Motion to Dismiss
Page 9 of 11
Case 3:25-cv-00175-SLG    Document 19    Filed 02/04/26    Page 9 of 11

allegations.  If handwritten, it must be legible.  It must be signed by Plaintiff.  The amended complaint must identify, as to each Defendant, the specific injury that Plaintiff is alleging was caused by that Defendant, when that injury occurred, and where that injury occurred.  The amended complaint must not collectively group together all of the Defendants, but should separately address the alleged malfeasance of each Defendant.  It does not need to include exhibits; it must only set forth a short and plain statement of factual allegations showing that Plaintiff is entitled to relief from each Defendant.

**IT IS THEREFORE ORDERED:**

1. Jeff Swickard and SMC's Motion to Dismiss at **Docket 10 is GRANTED.**

2. Plaintiff is accorded **30 days** from the date of this order to file either:

    a. First Amended Complaint, in which Plaintiff revises his complaint to address the deficiencies identified in this order; OR

    b. Notice of Voluntary Dismissal, in which Plaintiff elects to end this case as to Jeff Swickard and/or SMC.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal **within 30 days of the date of this order**, the case shall be dismissed against Jeff Swickard and SMC for failure to state a claim without further notice to Plaintiff as to those Defendants.

Case No. 3:25-cv-00175-SLG, *Wood v. Swickard, et al.*
Order on Motion to Dismiss
Page 10 of 11
Case 3:25-cv-00175-SLG    Document 19    Filed 02/04/26    Page 10 of 11

4. With this order, the Clerk is directed to send: (1) Form PS09, Notice of Voluntary Dismissal; and (2) Form PS23, Notice of Change of Address.

DATED this 4th day of February 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00175-SLG, *Wood v. Swickard, et al.*
Order on Motion to Dismiss
Page 11 of 11
Case 3:25-cv-00175-SLG    Document 19    Filed 02/04/26    Page 11 of 11